FILED
AUG 1 8 2021
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MATTHEW STEVEN MILLER, D.O., )<br>)<br>Defendant. ) | 4:21CR462 RLW/DDN |

## INDICTMENT

The Grand Jury charges that:

### Counts 1 to 5
### Illegally Prescribing Controlled Substances
### 21 U.S.C. § 841(a)(1)

1. At all times relevant to this indictment, defendant Matthew Steven Miller, D.O., ("Dr. Miller") was a doctor of osteopathic medicine.

2. At times relevant to this indictment, Dr. Miller was licensed to practice medicine in Missouri, Michigan, and New Jersey.

3. At times relevant to this indictment, Dr. Miller did not have a license from the Missouri Board of Narcotic and Dangerous Drugs ("BNDD"), which is a prerequisite to obtain a registration number from the U.S. Drug Enforcement Agency ("DEA") to legally prescribe or dispense controlled substance medications in Missouri. Without the BNDD license and DEA registration number in Missouri, Dr. Miller knew he could not legally prescribe controlled substances to patients in Missouri.

### Relevant Missouri Medicaid Provisions

4. MO HealthNet administers the Missouri Medicaid Program, which is jointly

funded by the State of Missouri and the federal government. Missouri Medicaid reimburses health care providers for covered services rendered to low-income Medicaid recipients.

5. Medicaid providers must retain, for five years from the date of service, fiscal and medical records that reflect and fully document services billed to Medicaid and must furnish or make the records available for inspection or audit by the Missouri Department of Social Services or its representative upon request. Failure to furnish, reveal, or retain adequate documentation for services billed to the Medicaid Program may result in recovery of the payments for those services not adequately documented and may result in sanctions to the provider's participation in the Medicaid Program. This policy continues to apply in the event that the provider ceases to participate in the Medicaid Program because of retirement, sale of the practice, or any other circumstance.

## Relevant Provisions Concerning Controlled Substances

6. Certain prescription drugs are defined by federal and state law as controlled substances, which are drugs that have some potential for abuse or dependence. Controlled substances are placed into one of five schedules, based on the potential for abuse and the severity of the effects if a person abuses the drug. Of the controlled drugs that can legally be prescribed, Schedule II drugs have the highest potential for abuse because of the risks of severe psychological or physical dependence. Schedule IV drugs are defined as drugs with a low potential for abuse and low risk of dependence.

7. Xanax is the brand name for alprazolam, a Schedule IV drug. Xanax belongs to a class of drugs called benzodiazepines, which produce a calming effect on the brain and central nervous system. Xanax is a commonly abused drug, which can lead to dependence or addiction.

8.  Federal regulation, 21 CFR 1306.04(a), provides that:

> a prescription drug for a controlled substance to be effective must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice. The responsibility for the proper prescribing of a controlled substances is upon the prescribing practitioner . . .. An order purporting to be a prescription not issued in the usual course of professional practice . . . is not a prescription within the meaning of section 309 of the Act (21 U.S.C. 829) and the person . . . issuing the [purported prescription] shall be subject to the penalties provided for violations of the provision of law relating to controlled substances.

9.  The Missouri Board of Registration for the Healing Arts ("Board") licenses and regulates doctors and certain other health care practitioners. The Board prohibits doctors from prescribing a "drug, controlled substance or other treatment" if the doctor has not established a physician-patient relationship and has not conducted a sufficient examination of the patients. *See* R.S. Mo. 334.100(2)(4).

### Description of the Scheme

10.  Between in or about 2016 to and in or about 2018, Dr. Miller wrote Xanax prescriptions for C.D., K.M., J.M., J.C.M., V.A., and M.M. Dr. Miller did not have a doctor-patient relationship with any of the individuals identified as patients on the prescriptions, had never examined them, and had not determined that they had a medical need for Xanax. Further, Dr. Miller did not create or maintain records documenting the strength and quantity of the prescribed Xanax, the dates of the prescriptions, or the medical conditions the Xanax was intended to treat.

11.  Further, at no time did Dr. Miller assess whether the individuals for whom he prescribed Xanax might be harmed by the drug. Notably, one of the individuals listed as a patient on the fraudulent prescriptions was a juvenile at the time and another was a young person with special needs.

3

12. Further, Dr. Miller knew that the prescriptions that he wrote would be filled at pharmacies, which in most cases would submit the prescriptions to Medicaid or other health care insurers. The pharmacies that filled the prescriptions and the Medicaid Program are health care benefit programs, as defined by Title 18, United States Code, Section 24.

13. At times, the individuals listed on the prescriptions filled the prescriptions and gave all or some of the Xanax pills to Dr. Miller. At other times, Dr. Miller or the individuals sold the Xanax and split the money.

14. On or about the dates listed below, in the Eastern District of Missouri and elsewhere,

**MATTHEW STEVEN MILLER, D.O.,**

the defendant herein, a registrant under Title 21, United States Code, Sections 821 through 830, did knowingly and intentionally distribute and dispense, and cause to be distributed and dispensed, controlled substances outside the scope of professional practice and not for a legitimate medical purpose:

| Count | Patient Listed on Prescription | Date of Prescription | Controlled Substance | Date Filled |
|---|---|---|---|---|
| 1 | K.M. | 2/16/2017 | Xanax 2mg #90 | 2/17/2017 |
| 2 | K.M. | 6/21/2018 | Xanax 2mg #90 | 6/21/2018 |
| 3 | J.C.M. | 6/27/2018 | Xanax 2mg #90 | 6/27/2018 |
| 4 | C.D. | 7/9/2018 | Xanax 2mg #90 | 7/9/2018 |
| 5 | J.M. | 7/16/2018 | Xanax 2mg #90 | 7/17/2018 |

All in violation of Title 21, United States Code, Section 841(a)(1).

**Counts 6-10**
**Obtaining Controlled Substance by Fraud, Deception, or Subterfuge**
**21 U.S.C. § 843(a)(3) and 18 U.S.C. § 2**

15. Paragraphs 1 to 12 are incorporated by reference as if fully set out herein.

16. On or about the dates listed below, in the Eastern District of Missouri, and

elsewhere,

**MATTHEW STEVEN MILLER, D.O.,**

the defendant herein, did knowingly and intentionally acquire and obtain, and assist others to acquire and obtain, possession of a controlled substance by misrepresentation, fraud, deception, and subterfuge, in that the Defendant falsely and fraudulently represented in the prescriptions that he had a doctor-patient relationship with the individuals listed as patients on the prescriptions and that he had assessed and determined that they had a medical need for the Xanax he ordered:

| Count | Patient Listed on Prescription | Date of Prescription | Controlled Substance |
|---|---|---|---|
| 6 | K.M. | 2/16/2017 | Xanax 2mg #90 |
| 7 | K.M. | 6/21/2018 | Xanax 2mg #90 |
| 8 | J.C.M. | 6/27/2018 | Xanax 2mg #90 |
| 9 | C.D. | 7/9/2018 | Xanax 2mg #90 |
| 10 | J.M. | 7/16/2018 | Xanax 2mg #90 |

All in violation of Title 21, United States Code, Section 843(a)(3) and Title 18, United States Code, Section 2.

### Counts 11-13
### False Statements Concerning Health Care Matter
### 18 U. S. C. §§ 1035(a)(2) and 2

17. Paragraphs 1 to 12 are incorporated by reference as if fully set out herein.

18. On or about the dates listed below, in the Eastern District of Missouri, and elsewhere,

**MATTHEW STEVEN MILLER, D.O.,**

the defendant herein, in a matter involving a health care benefit program, knowingly and willfully made and used materially false writings and documents knowing the same to contain materially false, fictitious, and fraudulent statements and entries, in connection with the delivery

and payment of health care benefits, items, and services, that is, Dr. Miller prepared, used, and distributed prescriptions for Xanax, a Schedule IV controlled substance, to individuals with whom he did not have a doctor-patient relationship and for whom he had not determined there was a medical need.

| Count | Patient | Date of Prescription | Drug Prescribed |
|---|---|---|---|
| 11 | J.C.M. | 6/27/2018 | Xanax 2mg #90 |
| 12 | C.D. | 7/9/2018 | Xanax 2mg #90 |
| 13 | V.A. | 7/18/2018 | Xanax 2mg #90 |

All in violation of Title 18, United States Code, Section 1035(a)(2) and Section 2.

A TRUE BILL.

_____
FOREPERSON

SAYLER FLEMING
United States Attorney

_____
DOROTHY L. McMURTRY, #37727MO
Assistant United States Attorney