# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 21-CR-462-RLW/DDN |
| MATTHEW MILLER, | ) ) ) |
| Defendant. | ) ) |

## DEFENDANT'S MOTION FOR BOND

Comes now Defendant, by his attorney, John D. Stobbs II, and hereby requests that he be released on bond, and in support thereof states:

### *I. Elephant In The Room*

Attached hereto and marked Exhibit A is the July 18, 2019 Indictment charging Defendant Dr. Matt Miller with 3 counts of predatory criminal sexual abuse of a child, and 4 counts of aggravated battery. This Madison County *charge* is really the crux of why the pretrial officer has recommended detention. The other 4 reasons where the pretrial report argues for detention are just window dressing. The pretrial report wants this Honorable Court to detain Dr. Miller for a criminal *charge*, not conviction.

The only thing worse than being a child sexual predator is being falsely accused of being a child sexual predator.

Fortunately, we still live in a country where one is presumed innocent until proven guilty. The undersigned has represented Dr. Miller since the second he stepped foot in the Madison County Jail in July of 2019.

Unlike the pretrial officer who wrote the pretrial report, the undersigned has not only read the entire discovery in the Madison County case but has begun preparing for Dr. Miller's February 1, 2022 trial. It would be an understatement to say that the undersigned will vigorously defend Dr. Miller against the allegations made against him.

1

The pretrial officer has been able to go through a few police reports, which are completely one sided. The pretrial officer has not had the benefit of meeting with experts who will testify at trial regarding the unfounded conclusions made by law enforcement. The pretrial officer has not had the benefit of meeting with defense witnesses who will blow holes in the State of Illinois' case. The pretrial officer has not spoken with experts who will show why the claims made by the alleged victim's mother are not to be believed.

But, ignoring that Dr. Miller is presumed innocent in the Madison County case, the pretrial officer is able to conclude based on a few police reports that Dr. Miller is guilty of that *charge* and therefore presents a danger to the community in this case.

As much as the undersigned respects this Honorable Court personally and professionally, the simple truth is that this Honorable Court will never know as much about the Madison County case as Judge Schroeder did when he reduced Dr. Miller's bond. Judge Schroeder heard arguments from both sides and determined to reduce Dr. Miller's bond so he could be released from the Madison County Jail where he spent 2 years. The blunt truth is that the pretrial report wants this Honorable Court to overrule the decision made by Judge Schroeder to reduce Dr. Miller's bond. To do so would be wrong.

Dr. Miller is presumed innocent of the Madison County charges. He has been free on bond for the past 2 months and has done well which is proof that there are measures that can be taken to ensure Dr. Miller is not a flight risk or danger to the community.

The Government has moved for detention based on the same flimsy reasoning as the pretrial report. The Government cites the Madison County case without even attempting to connect the facts of that case with this case. If Dr. Miller is such a dangerous risk now, he certainly was 2 years ago. The Government could have filed an Information against Dr. Miller 2 years ago when he was sitting in the Madison County Jail. Instead, the Government waited 2 months until after Dr. Miller was released on bond in the Madison County case to charge him, and waited until the morning of his initial appearance to file a Motion to Detain.

2

## *II. The Reasons For Detention Given In The Pretrial Report Are Baseless*

Dr. Miller is charged with:

- Illegally Prescribing Controlled Substances
- Obtaining Controlled Substance by Fraud, Deception, or Subterfuge
- False Statements Concerning Health Care Matter

It stretches credulity that this starchy bleached white collar Defendant is somehow being made into a vicious criminal whose dangerousness to the community prevents his pretrial release.

The pretrial report rests detention solely on Dr. Miller's alleged danger to the community for the following 5 reasons:

> "1. Nature of Instant Offense presents a danger to the community.
> 2. The defendant has a history of substance abuse in which any continued drug use or drug-seeking behavior could pose a danger to the community.
> 3. Miller is charged with three counts of predatory criminal sexual assault of a child, three counts of the Class 3 felony of aggravated battery and one count of Class X felony of aggravated battery. He allegedly performed acts of sexual penetration on the toddler and injured the child's mouth. There is an identifiable victim in this case. In addition, he allegedly gave the toddler cocaine.
> 4. The defendant demonstrates a pattern of Similar Criminal Activity History
> 5. The defendant has prior arrest and convictions for Battery."

The allegations in #3 will be dealt with in detail at the detention hearing later this morning.  This Honorable Court will be given a front row seat of how the Madison County case will be defended and the undersigned will be given an opportunity to practice the closing argument he will make in February of 2022.  Reason #3 will cease to be a concern.

Regarding #1, it is difficult to respond to this reason for detention, because it is simply illogical to think these non-violent charges where no presumption of detention exists can be used as the #1 reason to detain Dr. Miller. Dr. Miller is ***not*** charged with any sort of violent crime.  He is charged with a run of the mill illegal prescription writing scheme, where the pretrial office routinely recommends a bond with condition or a

combination of conditions to ensure appearance and to protect the community.  Dr. Miller has effectively ceased practicing medicine.  He does not have any prescription writing ability.  It is senseless to believe Dr. Miller should be detained because the "instant offense presents a danger to the community."

The #2 reason given for detention is almost as weak as the #1 reason.  Following the logic in #2, no one who is a drug addict should be released on bond because they would be deemed a danger to the community. Dr. Miller's 2 years of incarceration in the Madison County Jail certainly got him off of any drugs he might have been using, and if the pretrial office is concerned about Dr. Miller's past drug use, drug counseling can be ordered along with drug testing as a condition of his bond.  Again, instead of concocting a reason to detain Dr. Miller, the pretrial office should try to come up with a condition or a combination of conditions so that he can be released on bond.  The pretrial report puts the Bond Reform Act on its head by trying to find reasons to deny Dr. Miller bond instead of trying to find conditions which would allow his release.

The use of the word "history" for reason #4 is a stretch.  Again, the undersigned has the benefit of participating, not speculating, about what transpired in June of 2021 regarding the Michigan case.  Dr. Miller was not aware of the warrant that was issued in Michigan, and prior to his release from the Madison County Jail, this warrant was quashed.  Common sense dictates that Dr. Miller would *not* have been released from the Madison County Jail if there was an active warrant. So reason #4 never should have been included in the pretrial report as a reason for detention.  The Michigan judge gave Dr. Miller a bond and set the matter for review in December of 2021.

The pretrial report concludes in reason #5 for detention that Dr. Miller presents a danger to the community for a conviction of battery. The undersigned is not sure which conviction of battery the pretrial report is using.  Is it the 25 year old conviction when Dr. Miller was a 17 year old juvenile or the 24 year old conviction where Dr. Miller pleaded guilty to misdemeanor battery?  The fact that these questions can be asked shows that no further elaboration is needed to prove how ridiculous it would be to detain Dr. Miller based on reason #5.

4

### *III.  Pursuant to 18 U.S.C. § 3142(f)(1) Dr. Miller's Alleged Dangerousness Cannot Be Considered*

For purposes of Dr. Miller's case, the relevant portions of the Bail Reform Act found at 18 U.S.C. §3142(f)(1) & (f)(2) are:

> **"(f) Detention Hearing.—**The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of such person as required and the safety of any other person and the community—
> **(1)** upon motion of the attorney for the Government, in a case that involves—
> **(A)** a crime of violence, a violation of section 1591, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
> **(B)** an offense for which the maximum sentence is life imprisonment or death;
> **(C)** an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46;
> **(D)** any felony if such person has been convicted of two or more offenses described in subparagraphs (A) through (C) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (A) through (C) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; or
> **(E)** any felony that is not otherwise a crime of violence that involves a minor victim or that involves the possession or use of a firearm or destructive device (as those terms are defined in section 921), or any other dangerous weapon, or involves a failure to register under section 2250 of title 18, United States Code; or
> **(2)** upon motion of the attorney for the Government or upon the judicial officer's own motion in a case, that involves—
> **(A)** a serious risk that such person will flee; or
> **(B)** a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.

5

While the pretrial report can try to squeeze a square peg into a round hole, when Congress enacted the Bail Reform Act of 1984, it tried to ensure that only square pegs were placed into square holes. **DR. MILLER IS _NOT_ CHARGED WITH ANY OF THE OFFENSES ENUMERATED IN §3142(f)(1).**

Shockingly, in its Motion to Detain, the Government doesn't even bother to address any of the offenses enumerated in 18 U.S.C. § 3142(f)(1) or even try to somehow show that the charges against Dr. Miller could conceivably fit within the ambit of 3142(f)(1). Therefore, the Government has abrogated its ability to claim that 3142(f)(1) is applicable.

Because none of the enumerated circumstances set forth at 18 U.S.C. § 3142(f)(1)(A)–(E) apply, Dr. Miller may only be detained under 18 U.S.C. § 3142(f)(2)(A)–(B).

By focusing solely on Dr. Miller allegedly being a danger to the community, the pretrial report completely ignores 18 U.S.C. § 3142(f)(2)(A)–(B) which allows detention only upon a finding of:

> "(A) a serious risk that such person will flee; or (B) a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror." Id.

Because none of the factors in either § 3142(f)(1) or (f)(2) are met, then Dr. Miller may not be detained.

Reasons for detention set out in #'s 1 through 5 of the pretrial report completely ignore risk of flight and likewise fail to address the possibility of intimidating, threatening, injuring, intimidating a prospective witness or juror. The pretrial report focuses solely on danger to the community. Because of the pretrial report's failure to address 18 U.S.C. § 3142(f)(2)(A)–(B), the question becomes what, if any, condition or combination of conditions should accompany in the release order such that they are the "least restrictive" conditions necessary to ensure Dr. Miller's appearance and the safety of the community?

Dr. Miller finds himself in about the same situation as the Defendant in *U.S.A. v. Himmler* 797 F2d 156 (3rd Cir. 2004) found himself in. In *Himmler*, the Third Circuit considered the application of § 3142(f) in a case where the Defendant was charged by complaint with production of a false identification document. The District Judge found that, based upon a number of factors, the Defendant's release on conditions would not assure the safety of the community, but the District Judge made no finding regarding risk of flight. 797 F2d at 158. The Defendant appealed, arguing that the Act did not authorize his detention based on a finding of a danger to the community. Id. The Third Circuit agreed. Specifically, the Court noted that:

> "[t]he legislative history of the Bail Reform Act of 1984 makes clear that to minimize the possibility of constitutional challenge, the drafters aimed toward a narrowly-drafted statute with the pretrial detention provision addressed to danger from 'a small but identifiable group of particularly dangerous Defendants.'" *Himmler*, 797 F2d at 160, quoting S. Rep. No 225, 98th Cong, 2d Sess. 6-7 (1983), US Code Cong & Admin News 1984, pp. 3182, 3189.

Because the Defendant's case in *Himmler* did not involve any offenses specified in subparagraph (f)(1) and no claim had been made that he would attempt to obstruct justice or intimidate a witness or juror, the Court held that:

> "[T]he statute does not authorize the detention of the Defendant based on danger to the community from the likelihood that he will if released commit another offense involving false identification. Any danger which he may present to the community may be considered only in setting conditions of release. He may be detained only if the record supports a finding that he presents a serious flight risk." *Himmler*, 797 F2d at 160.

### *IV. Conclusion*

Not one of the counts with which Dr. Miller is charged is a crime of violence, offenses with a statutory maximum of life imprisonment or death, drug offenses with a maximum term of imprisonment of 10 years or more, or offenses involving a firearm or minor victims.

7

The pretrial report does not demonstrate that Dr. Miller "has been convicted" of two or more offenses described in subparagraphs (A) through (C), or their state law equivalent. 18 U.S.C. § 3142(f)(1)(D).

Because none of the enumerated circumstances set forth in § 3142(f)(1) are applicable here, this Honorable Court can only detain Dr. Miller upon a finding of a serious risk of flight or an obstruction of justice risk as set forth in § 3142(f)(2)(A) & (B). No such findings can be made on the facts before this Honorable Court.

Regarding a serious risk of flight, the facts fail to establish *any* risk of flight. As evinced by the pretrial report, Dr. Miller has lived most of his life in the Southern District of Illinois.

Regarding a risk of obstruction of justice related to a witness or juror, again, no facts in the pretrial report give any suggestion that such risk is present. Indeed, the record is entirely devoid of any facts even hinting at such a risk.

As such, this Honorable Court should immediately grant Dr. Miller some sort of a bond with conditions or a combination of conditions that will ensure he appear at all future hearings and not cause harm to the community.

    MATTHEW MILLER

BY:    STOBBS LAW OFFICES

BY:

_____
John D. Stobbs II, No. 06206358
Attorney for Defendant
307 Henry, Suite 211
Alton, Illinois 62002
Telephone: (618)462-8484
FAX: (618)462-8585
Email: jds2@stobbslaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 3, 2021, a copy of the attached *Defendant's Motion For Bond* was served on the following persons by depositing a copy of the same in an envelope with postage prepaid in the United States Mails in the Post Office in Alton, Illinois addressed as set out, namely:

Ms. Dorothy McMurtry  
Assistant U.S. Attorney  
111 S. 10th Street  
St. Louis, Missouri 63102

STOBBS LAW OFFICES

_____
307 Henry, Suite 211  
Alton, Illinois 62002