UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:21 CR 462 RLW (DDN) |
| | ) |
| MATTHEW STEVEN MILLER, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on the Government's Motions for Pretrial Detention. (ECF Nos. 5 & 16). The Court held a detention hearing on September 3, 2021, and took the matter under submission. After considering all of the evidence in this case, the Government's motions for pretrial detention are denied.

### BACKGROUND

Dr. Miller is charged with illegally prescribing controlled substances, obtaining controlled substances by fraud, and false statements concerning health care matters. (ECF No. 1). The Government seeks pretrial detention pursuant to 18 U.S.C. §§ 3141-3142 of the Bail Reform Act. The Government alleges Dr. Miller poses a serious risk of flight as well as a danger to the community.

The United States Pretrial Services Office prepared a Bail Report for the Court's consideration. (ECF No. 15). The Court adopts the factual statements in the Bail Report as part of the record for the detention issue. The Bail Report notes Dr. Miller is 42 years old and has lived the majority of his life in the greater St. Louis area. He will live with his father in Collinsville, Illinois, where he has lived at various times over the past 30 years. He states he has a passport, but does not know where it is. He obtained degrees from Southwestern Illinois

College and the University of Illinois. He earned his Doctor of Osteopathic Medicine in 2007 from the Kansas City School of Medicine and Bioscience. Dr. Miller worked as a trauma surgeon at BJC Hospital until approximately two years ago.

Dr. Miller is physically healthy, but he has been diagnosed with mental health issues in the past. He is not currently taking any medication for these issues. Dr. Miller states he quit drinking three years ago and has no other history of substance abuse.

Dr. Miller has a criminal history. Several of his cases are from his teenage years; he received and completed probation in two of those cases. At ages 29, 30, 35 and 38, he incurred driving while intoxicated cases, including two felony charges. When he was 39 years old, he was convicted of a misdemeanor offense of disturbing the peace. He has a pending probation violation from his last DWI conviction and another pending disturbing the peace misdemeanor in Michigan. Dr. Miller has a pending case in Madison County, Illinois alleging three counts of sexual assault against a victim under 13 years old and three counts of aggravated battery against the child. Dr. Miller was in pretrial custody for almost two years before he was released on bond on June 18, 2021. Trial is scheduled for February 7, 2022.

The Government's motions for detention allege Dr. Miller presents a serious risk of flight and is also a danger to the community. The Government relies primarily on the allegations in the instant offenses as well as the allegations in the Illinois case. Counsel for Dr. Miller argues he has a strong defense to the charges in the Illinois. He also argues the Court may not consider the potential danger to the community because the Government is seeking detention under § 3142(f)(2)(A), alleging there is "a serious risk that such person will flee."

## DISCUSSION

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception. . . . The [Bail Reform] Act authorizes the detention prior to trial of arrestees charged with serious felonies who are found after an adversary hearing to pose a threat

2

to the safety of individuals or to the community which no condition of release can dispel." *United States v. Salerno*, 481 U.S. 739, 755 (1987).

A defendant may be detained before trial "[o]nly if the government shows by clear and convincing evidence that no release condition or set of conditions will *reasonably assure* the safety of the community and by a preponderance of the evidence that no condition or set of conditions . . . will *reasonably assure* the defendant's appearance . . . ." *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003) (emphasis original; quoting *United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003) and *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985) (en banc)).

The Bail Reform Act requires the Court to consider a number of factors, the first of which includes the nature and circumstances of the offense charged. § 3142(g)(1). Although the charges against Dr. Miller in the instant offenses and the Illinois case are serious, the Bail Reform Act preserves his presumption of innocence. § 3142(j). The Court also considers the weight of the evidence, which appears strong regarding the federal offenses.

The Court takes into account Dr. Miller's history and personal characteristics, including:

> the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings.

§ 3142(g)(3)(A).

Dr. Miller has strong family ties to the greater St. Louis community. He has a passport and will be required to surrender it within seven days of his release. Prior to his arrest on the Illinois case, he was employed as a trauma surgeon for many years. He does not have a history of using illegal controlled substances; however, he has a number of driving while intoxicated offenses. Even more concerning are the pending charges in Illinois. However, the state court admitted Dr. Miller to bail, and he did not flee.

Counsel for Dr. Miller correctly notes that none of the federal offenses would allow the Government to seek detention under § 3142(f)(1) of the Bail Reform Act. He also notes the Government did not allege or prove Dr. Miller would obstruct justice or intimidate a witness or juror under § 3142(f)(2)(B). The Government's sole statutory basis for moving for detention is under § 3142(f)(1)(A), alleging there is a serious risk Dr. Miller would flee.

Dr. Miller cites a case from the Third Circuit Court of Appeals in which the district court, under similar circumstances, did not find the defendant was a serious risk of flight; however, he posed a danger to the community. *United States v. Himler*, 797 F.2d 156 (3d Cir. 1986). The court reversed the order of detention because there was no finding of a risk of flight.

> Accordingly, we hold that the statute does not authorize the detention of the defendant based on danger to the community from the likelihood that he will if released commit another offense involving false identification. Any danger which he may present to the community may be considered only in setting conditions of release. He may be detained only if the record supports a finding that he presents a serious risk of flight.

*Id.* at 160. The Fifth Circuit reached a similar conclusion in *United States v. Okhumale*, 813 F. App'x 936 (5th Cir. 2020). *Okhumale* reversed and remanded the case in which the district court, in the absence of any other support under § 3142(f), did not find the defendant presented a serious risk of flight, but was solely a danger to the community. *Id.* at 938.

In *United States v. Hamade,* the defendant argued that when a detention motion was brought pursuant to § 3142(f)(2)(A), it was error to base the detention order on Defendant's dangerousness. No. CR152373JRTBRT, 2019 WL 7283990, at *5 (D. Minn. Dec. 27, 2019) (citing *Himler* and *United States v. Ploof*, 851 F.2d 7, 12 (1st Cir. 1988) (which also followed *Himler*)). *Hamade* found "[t]his argument has not been adopted by the Eighth Circuit and is inconsistent with the statutory text of § 3142." *Id.* at *5. *Hamade* also cited *United States v. Holmes*, 438 F. Supp. 2d 1340, 1343 (S.D. Fla. 2005) which found that by adopting new

4

factors directed to dangerousness "it seems logical to conclude that Congress intended that the courts actually consider these factors in every instance when a detention hearing properly takes place pursuant to § 3142(f)." The court determined the cases cited by Defendant were distinguishable because those cases did not include a finding of serious risk of flight. In *Hamade,* the Court found the defendant posed "a flight risk, therefore detention is warranted regardless of any finding as to dangerousness." *Id.* at *5.

The Court agrees with *Hamade* that it must consider the nature and seriousness of the danger that would be posed by Dr. Miller's release under § 3142(g)(4), which lists the factors to be considered in resolving a motion for detention. The Court is mindful of all of the serious charges against Dr. Miller, as well as his presumption of innocence. The Court will impose a set of conditions of release which will reasonably assure the safety of the community and will reasonably assure the defendant's appearance.

The Court will require that Dr. Miller have no contact with any victims, witnesses and young children. The Court will minimize his risk of flight by imposing conditions of release which will order him to surrender his passport, restrict his travel and place him on electronic monitoring. He will be prohibited from drinking any alcohol or using any illegal controlled substances. As there is some question as to whether Dr. Miller has an extraditable warrant from Michigan, the Court will impose a temporary order of detention of not more than five days to determine if Michigan intends to take him into custody.

Finally, the Court may inquire as to the source of the funds used to post Dr. Miller's bail. However, the Court sees no need to make such an inquiry as the Court intends to release Dr. Miller on his own recognizance.

The Court has carefully considered the Government's motions for detention. The Court will release Dr. Miller on a set of conditions which will reasonably assure his appearance as well as the safety of the community. Therefore, the Court does not find by a preponderance of the evidence there is a serious risk Dr. Miller will not appear as required. Nor does the Court find by clear and convincing evidence there is a serious risk he will endanger the safety of another person or the community.

**IT IS HEREBY ORDERED** the Government's Motions for Pretrial Detention are DENIED.

*/s/ Stephen R. Welby*
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE

Dated this 15th day of September, 2021.